IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS A. HIGHTOWER,

    Plaintiff,                    No. CIV S-04-0887 GEB GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendant.                 <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2006, plaintiff filed a motion for a temporary restraining order and a request to stay the scheduling order. Plaintiff alleges that on March 25, 2006, he was placed in administrative segregation (ad seg) after being accused of threatening a correctional officer. Plaintiff alleges that he does not have access to his legal property.

        Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. <u>See</u> also <u>United States v. Raddatz</u>, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

1

1       Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

      In the instant case, plaintiff's request does not go to the merits of plaintiff's action. Accordingly, this matter may be handled by court order.

      Plaintiff is directed to inform the court whether he has been granted access to his legal property regarding this action since the filing of his motion.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 17, 2006, motion for injunctive relief is construed as a motion for a protective order;

2. Plaintiff shall inform the court within twenty days of the date of this order regarding whether he has access to his legal property regarding this action.

DATED: 5/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
high887.ord