IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS A. HIGHTOWER,

    Plaintiff,                    No. CIV S-04-0887 GEB GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's August 7, 2006, motion for declaratory relief and motion for extension of time to respond to defendants' summary judgment motion. Plaintiff also labels this pleading as a cross-motion for summary judgment. However, this pleading contains no briefing in support of a cross-motion. Also pending is plaintiff's motion to compel filed August 8, 2006, and plaintiff's request for clarification filed September 6, 2006.

        In the August 7, 2006, motion, plaintiff requests that discovery be re-opened because he was denied access to his legal property from March 25, 2006, to June 13, 2006. Discovery closed on May 5, 2006. <u>See</u> January 31, 2006, scheduling order.

        The court does not dispute that plaintiff did not have access to his legal property during the time alleged. However, in the motion to compel filed August 8, 2006, plaintiff seeks

1

1  to compel further responses to discovery requests served on him on February 22, 2006.  Plaintiff
2  does not explain why he did not file a motion to compel during the approximate one month
3  between the time he received these responses and when his property was taken away.  The court
4  also observes that on May 19, 2005, the discovery order was filed.  Plaintiff has had adequate
5  opportunity to conduct discovery.  The request to re-open discovery is denied.

         In his August 7, 2006, motion, plaintiff requests permission to correspond with inmate witnesses who are housed in a different section of his prison.  Plaintiff states that he has attempted to correspond with these inmates "via regular channels."  Apparently, these attempts were unsuccessful.  Plaintiff states that he must correspond with these witnesses in order to adequately oppose defendants' summary judgment motion.

         Plaintiff does not describe in any detail his attempts to correspond with his inmates witnesses.  Nor does plaintiff describe what information these inmates possess which he requires in order to oppose defendants' summary judgment motion.  Accordingly, the request to correspond with inmate witnesses is denied on grounds that it is not well supported.

         The court will grant plaintiff's request for an extension of time to respond to defendants' summary judgment motion.  Plaintiff's opposition is due thirty days from the date of this order.  The February 18, 2005, order discusses the legal standards for oppositions to summary judgment motions.

         Plaintiff's August 7, 2006, pleading also includes various other requests.  Plaintiff requests that the court rule on his prior motion for sanctions.  The court record contains no motion made by plaintiff for sanctions.  On June 29, 2006, plaintiff filed a document titled "answer" in response to the court's request for further briefing regarding his access to legal property.  This document does not constitute a motion for sanctions.  If plaintiff seeks sanctions, he must file a separate motion.  Fed. R. Civ. P. 7.  The court will not address a request for sanctions buried in an unrelated pleading.

/////

2

1         In his August 7, 2006, pleading plaintiff also requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

        Plaintiff's August 7, 2006, pleading also requests the appointment of an independent expert to evaluate the facts. Appointment of an expert is not warranted. Fed. R. Evid. 702.

        Plaintiff's August 7, 2006, pleading requests that the court schedule a settlement conference. Following resolution of defendants' summary judgment motion, the court will schedule a settlement conference if appropriate.

        Finally, plaintiff requests that the court issue an order forbidding the defendants and their staff from harassing or retaliating against him. Plaintiff has not demonstrated that defendants or their staff are harassing or retaliating against him. Accordingly, this request is denied.

        Plaintiff's August 8, 2006, motion to compel is denied as untimely.

        Finally, on September 6, 2006, plaintiff filed a request for clarification. Plaintiff states that since he filed action, defendants have committed additional "acts of malfeasance." Plaintiff requests information regarding how to add these new claims to this action. The court cannot give plaintiff legal advice. Moreover, without knowledge of the specifics of these complaints, the court would not approve a supplemental complaint at this stage of the proceedings.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 7, 2006, cross-motion for summary judgment is disregarded as it contains no briefing in support of such a motion;

2. Plaintiff's August 7, 2006, motion for extension of time is granted; plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order;

3. Plaintiff's additional requests contained in his August 7, 2006, pleading, i.e. to correspond with inmate witnesses, for the court to rule on his prior request for sanctions, for appointment of counsel and an expert, for the scheduling of a settlement conference, and for the court to order defendants to stop harassing and retaliating against him, are denied;

4. Plaintiff's August 8, 2006, motion to compel is denied.

DATED: 9/22/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
high887.ord(3)