1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS A. HIGHTOWER,

11             Plaintiff,                    2:04-cv-0887-GEB-GGH-P

12       vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14             Defendants.            <u>ORDER</u>

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19           On May 15, 2007, the magistrate judge filed findings and recommendations herein

20   which were served on plaintiff and which contained notice to plaintiff that any objections to the

21   findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections

22   to the findings and recommendations.

23           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24   304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire

25   file, the court finds the findings and recommendations to be supported by the record and by

26

1

1    proper analysis.[1]

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.  The findings and recommendations filed May 15, 2007, are adopted in full;

4           2.  Defendant Peneta is dismissed;

5           3.  The Clerk of the Court is directed to enter judgment.

6    Dated:  August 10, 2007

7

8    _____
     GARLAND E. BURRELL, JR.

9    United States District Judge

10

11

12

13

14

15

16           [1]  Plaintiff has filed an interlocutory appeal of the dismissal of his claims against the other
     remaining defendants.  Although "[a]s a general rule, the filing of a notice of appeal divests a

17   district court of  jurisdiction over those aspects of the case involved in the appeal[,]" Stein v.
     Wood,127 F.3d 1187, 1189 (9th Cir. 1997), the district court retains jurisdiction in this instance

18   because this circuit has long "recognized an exception to the general rule that a valid notice of
     appeal divests the district court of jurisdiction over all but tangential matters," when the appeal is

19   patently frivolous.  Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996), citing Chuman v.
     Wright, 960 F.2d 104, 105 F.2d 104, 105 (9th Cir. 1992) ("frivolous or forfeited appeal does not

20   automatically divest the district court of jurisdiction.").  See also, U. S. v. Powell, 24 F.3d 28
     (9th Cir. 1994); U.S. v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); U.S. v. Claiborne, 727

21   F.2d 842 (9th Cir. 1984).  The appeal in this action has not been made pursuant to 28 U.S.C. §
     1292 (interlocutory decisions) and is otherwise without merit.  Plaintiff has not appealed from an

22   appealable order (no final order from which to appeal).  Fletcher v. Gagosian, 604 F.2d 637, 638
     (9th Cir.1979) (if a district court dismisses less than all claims in an action or fewer than all

23   defendants, such a dismissal is not a final order appealable under 28 U.S.C. § 1291).  A party
     may appeal "final decisions of the district courts...." 28 U.S.C. § 1291.   "A 'final decision' for

24   purposes of § 1291 is a 'decision by the District Court that ends the litigation on the merits and
     leaves nothing for the court to do but execute the judgment."  Duke Energy Trading and

25   Marketing, L.L.C. v. Davis, et al., 267 F.3d 1042, 1048 (9th Cir. 2001), quoting Coopers &
     Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454 (1978).

26